1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Gregory A. Gibson,                  )   No. CV 07-1217-PHX-PGR (ECV)
                                        )
10              Petitioner,             )   **REPORT AND RECOMMENDATION**
                                        )
11  vs.                                 )
                                        )
12                                      )
    L. Blair, et al.,                   )
13                                      )
                Respondents.            )
14                                      )
    _____ )

15

16  TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

17                              **BACKGROUND**

18          Petitioner Gregory Gibson has filed a *pro se* Petition for Writ of Habeas Corpus

19  pursuant to 28 U.S.C. § 2254. Doc. #1. Following a jury trial in Maricopa County Superior

20  Court in 2003, Petitioner was convicted of one count of illegally conducting an enterprise,

21  one count of conspiracy, and 12 counts of transport for sale, sale or transfer of marijuana.

22  Doc. #13, Exh. AA at 3. Illegally conducting an enterprise is a class three felony and the rest

23  are class two felonies under Arizona law. Id. On May 2, 2003, Petitioner was sentenced to

24  7 years in prison on the first count and 10 years on each of the remaining 13 counts, all of

25  the terms to run concurrently. Doc. #13, Exh. AA at 13.

26          Petitioner appealed, and on April 2, 2004, through counsel, filed an Opening Brief in

27  the Arizona Court of Appeals. Doc. #11, Exh. B. Petitioner alleged that he was denied a fair

28  trial because of prosecutorial misconduct. Id. After the United States Supreme Court

1   decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), in June 2004, Petitioner filed a

2   Supplemental Brief on July 20, 2004, in which he claimed that the facts relied on by the court

3   to aggravate his sentences were not decided by a jury.  Doc. #11, Exh. E.  On February 1,

4   2005, in a Memorandum Decision, the Court of Appeals affirmed the convictions but, based

5   on <u>Blakely</u>, vacated Petitioner's sentences and remanded the case for resentencing.  Doc.

6   #11, Exh. G.  The Arizona Supreme Court subsequently granted the State's Petition for

7   Review and remanded the case back to the Arizona Court of Appeals for reconsideration in

8   light of two cases decided by the Arizona Supreme Court in 2005.  Doc. #13, Exh. CC.  Upon

9   reconsideration, the Court of Appeals vacated the portion of its prior decision remanding the

10  case for resentencing and affirmed the convictions and sentences imposed by the trial court

11  judge.  <u>Id.</u>  Petitioner then filed a *pro per* Petition for Review to the Arizona Supreme Court,

12  which was denied on July 21, 2006.  Doc. #13, Exh. DD, EE.

13       On June 26, 2007, Petitioner filed his habeas petition in this court.  Petitioner alleges

14  three grounds for relief: 1) that the trial court violated the Sixth and Fourteenth Amendments

15  when it relied on facts not found by the jury to impose aggravated sentences; 2) that the trial

16  court violated the Sixth and Fourteenth Amendments when it relied on essential elements of

17  Petitioner's offenses as aggravating factors to impose sentences above the presumptive term;

18  and 3) that the trial court violated the Sixth and Fourteenth Amendments by improperly

19  imposing an aggravated sentence based on factors that were simply elements of the offenses

20  for which he was convicted.[1]   Doc. #1.   The court screened the petition and directed

21  Respondents to file an answer.  Doc. #3.  Respondents filed an Answer to Petition for Writ

22  of Habeas Corpus on September 10, 2007.  Doc. #8.  Despite being told of the opportunity

23  to submit a reply, Petitioner has not filed one.

24

25

---

26       [1] Although Petitioner identifies grounds two and three as separate claims, they raise
    the same allegation: that the trial court improperly relied on elements of the offenses as
27  aggravating factors to enhance Petitioner's sentences.  The court will, therefore, treat them
28  as one claim.

1

**DISCUSSION**

2        Respondents contend in their answer that Petitioner has procedurally defaulted on

3  grounds two and three by failing to exhaust his state court remedies.  Regarding ground one,

4  Respondents argue that Petitioner has not satisfied the standard for habeas relief.  Having

5  failed to file a reply, Petitioner has not addressed the procedural default defense.

6  **A.      Procedural Default (Grounds Two and Three)**

7        A state prisoner must exhaust his remedies in state court before petitioning for a writ

8  of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S.

9  364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly

10 exhaust state remedies, a petitioner must fairly present his claims to the state's highest court

11 in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  A

12 petitioner "must give the state courts one full opportunity to resolve any constitutional issues

13 by invoking one complete round of the State's established appellate review process."  Id. at

14 845.  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals

15 by properly pursuing them through the state's direct appeal process or through appropriate

16 post-conviction relief.  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen

17 v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

18       A claim has been fairly presented if the petitioner has described both the operative

19 facts and the federal legal theory on which the claim is based.  Bland v. Cal. Dep't of

20 Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v.

21 Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895,

22 898-99 (9th Cir. 2001).  "Our rule is that a state prisoner has not 'fairly presented' (and thus

23 exhausted) his federal claims in state court unless he specifically indicated to that court that

24 those claims were based on federal law."  Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir.

25 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001).  "If a petitioner fails to alert

26 the state court to the fact that he is raising a federal constitutional claim, his federal claim is

27 unexhausted regardless of its similarity to the issues raised in state court."  Johnson v. Zenon,

28 88 F.3d 828, 830 (9th Cir. 1996).

1          If a petition contains claims that were never fairly presented in state court, the federal

2   court must determine whether state remedies remain available to the petitioner.  See Rose v.

3   Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)

4   (O'Connor, J., concurring).  If remedies are still available in state court, the federal court may

5   dismiss the petition without prejudice pending the exhaustion of state remedies.   Id.

6   However, if the court finds that the petitioner would have no state remedy were he to return

7   to the state court, then his claims are considered procedurally defaulted.  Teague v. Lane, 489

8   U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a

9   defendant's claim is procedurally defaulted when it is clear that the state court would hold

10  the claim procedurally barred).  The federal court will not consider these claims unless the

11  petitioner can demonstrate that a miscarriage of justice would result, or establish cause for

12  his noncompliance and actual prejudice.  See Dretke v. Haley, 124 S.Ct. 1847, 1851-52

13  (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,

14  750-51 (1991);  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

15          Regarding Petitioner's claim in grounds two and three, that the trial court erred by

16  relying on factors that constituted elements of the offense to impose aggravated sentences,

17  Petitioner failed to properly raise it in the state court.  In the supplemental brief Petitioner

18  filed in the Arizona Court of Appeals shortly after the Blakely case was decided, Petitioner

19  raised a related claim, but not this claim.  Doc. #11, Exh. E at 2.  Petitioner argued that the

20  trial court violated Blakely when it improperly found and weighed aggravating factors that

21  it then used to impose enhanced sentences.  Id.  Petitioner did not, however, argue that the

22  use of those factors was flawed because they were already taken into consideration as

23  elements of the offenses.  Rather, Petitioner's argument in his supplemental brief is a

24  straightforward Blakely claim.  He simply claimed that any aggravating factors used to

25  enhance his sentence must be found by a jury or admitted by him, not found by the

26  sentencing judge.  That is a different claim than the one alleged in grounds two and three of

27

28

1   the instant petition.[2]  Accordingly, Petitioner cannot point to his supplemental brief to the

2   Arizona Court of Appeals to show he exhausted the claim in grounds two and three.

3   Petitioner also raised a similar claim in his *pro se* petition for review to the Arizona

4   Supreme Court after the Court of Appeals reconsidered his case and affirmed his sentences.

5   In the *pro se* petition, he claimed that under Arizona's statutory sentencing scheme, the court

6   may not impose an aggravated sentence based on factors that constitute elements of the

7   offense.  Doc. #13, Exh. DD at 2-3.  He argued that under A.R.S. § 13-702, the trial court

8   was prohibited from relying on facts used to establish the elements of the offenses as

9   aggravating factors to enhance his sentences. Id. at 11-12. Petitioner cited only state statutes

10  and cases in his argument and at no point alleged a violation of the Sixth or Fourteenth

11  Amendment. Id. Petitioner argued the issue strictly as a violation of state law.  As such,

12  Petitioner cannot point to his petition for review to the Arizona Supreme Court to show he

13  exhausted the claim in grounds two and three.

14  By failing to fairly present the claim in grounds two and three to the Arizona Court

15  of Appeals or the Arizona Supreme Court, Petitioner has failed to exhaust his state court

16  remedies.  Moreover, Petitioner would no longer have a remedy if he returned to the state

17  court.[3]  As a result, his claims are procedurally defaulted.  Having failed to file a reply,

18  Petitioner has not alleged cause for the default and actual prejudice, nor has he shown a

19  miscarriage of justice to overcome the procedural default.  The court will therefore

20  recommend that these grounds for relief be denied.

21  ///

22  ///

23  **B.    Blakely Claim (Ground One)**

24

25

---

26  [2] It is the same claim raised in ground one, which has not been procedurally defaulted.

27  [3] The time has passed to seek post-conviction relief in state court under Rule 32.4(a)
    of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the

28  exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1        **1.      AEDPA Standard of Review**

2        Under the AEDPA[4], a federal court "shall not" grant habeas relief with respect to "any

3    claim that was adjudicated on the merits in State court proceedings" unless the State court

4    decision was (1) contrary to, or an unreasonable application of, clearly established federal

5    law as determined by the United States Supreme Court; or (2) based on an unreasonable

6    determination of the facts in light of the evidence presented in the State court proceeding.

7    28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

8    concurring and delivering the opinion of the Court as to the AEDPA standard of review).

9    A state court's decision is "contrary to" clearly established precedent if (1) "the state court

10   applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2)

11   "if the state court confronts a set of facts that are materially indistinguishable from a decision

12   of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."

13   Taylor, 529 U.S. at 405-06.   "A state court's decision can involve an 'unreasonable

14   application' of Federal law if it either (1) correctly identifies the governing rule but then

15   applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

16   to extend a clearly established legal principle to a new context in a way that is objectively

17   unreasonable."   Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).   Thus, the

18   "unreasonable application" clause requires the state court's application of Supreme Court law

19   to be more than incorrect or erroneous; it must be objectively unreasonable.   Lockyer v.

20   Andrade, 538 U.S. 63, 75 (2003).   "When applying these standards, the federal court should

21   review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044,

22   1055 (9th Cir. 2004).

23       **2.      Analysis**

24       Petitioner contends in ground one that the trial court violated Blakely when it, rather

25   than the jury, found aggravating factors that it used to enhance Petitioner's sentences.

26

27

---

28       [4] Antiterrorism and Effective Death Penalty Act of 1996.

1   Petitioner raised the same claim in his direct appeal in the supplemental brief to the Arizona

2   Court of Appeals.

3          The Arizona Court of Appeals initially agreed with Petitioner and remanded his case

4   to the trial court for resentencing. Doc. #11, Exh. G. The Arizona Supreme Court, however,

5   subsequently granted the State's petition for review and remanded the case to the Court of

6   Appeals for reconsideration in light of the decisions in State v. Martinez, 210 Ariz. 578, 115

7   P.3d 618 (2005) and State v. Henderson, 210 Ariz. 561, 115 P.3d 601 (2005). Doc. #13,

8   Exh. CC. Upon reconsideration, the Court of Appeals affirmed the aggravated sentences

9   imposed by the trial court judge. Id.

10          The Court of Appeals explained how Martinez affected its decision:

11          Martinez construed Blakely's holding with regard to the superior court's use
            of aggravating factors in non-capital sentencing. Martinez held that once a
12          single aggravating factor has been found by the jury, is implicit in the jury's
            verdict, or has been admitted by the defendant, the sentencing judge is
13          permitted to find and consider additional factors relevant to the imposition of
            a sentence up to the maximum prescribed in the applicable statutory sentencing
14          range. Martinez, 210 Ariz. At 585-86, ¶¶ 26-27, 115 P.3d at 625-26.

15   Doc. #13, Exh. CC at 2. The Court then considered the aggravating factors identified by the

16   trial court judge and determined that two of those factors, presence of an accomplice and

17   commission of the offense for pecuniary gain, were implicit in the jury's verdicts. Id. at 3-4.

18   The Court reasoned that the presence of an accomplice is implicit in the jury's verdict on

19   both the conspiracy charge and the conducting an illegal enterprise charge. Id. at 3. The

20   pecuniary gain aggravating factor, according to the Court, was implicit in the jury's verdict

21   for illegally conducting an enterprise and conspiracy to transport and sell marijuana. Id. at

22   4.

23          Based on the holding in Martinez, the Court of Appeals concluded that because two

24   of the aggravating factors relied on by the trial court were implicit in the jury's verdicts, the

25   trial court could "find and consider other aggravating factors." Doc. #13, Exh. CC at 4. The

26   Court therefore found no error by the trial court, vacated the portion of its prior order

27   remanding the case for resentencing, and affirmed Petitioner's aggravated sentences.

28

1    Petitioner argues that, under Blakely, any fact that exposes a defendant to an

2  aggravated sentence (except a prior conviction) must be found by a jury beyond a reasonable

3  doubt.  Though he does not say so explicitly, Petitioner clearly believes that Martinez was

4  wrongly decided and argues that all of the facts relied on by the sentencing judge to enhance

5  the sentence must be found by a jury.

6    The Arizona Supreme Court in Martinez explained how its holding is consistent with

7  the U.S. Supreme Court's decisions in Jones v. United States, 526 U.S. 227 (1999), Apprendi

8  v. New Jersey, 530 U.S. 466 (2000) and their progeny:

9        The Supreme Court's recent Sixth Amendment jurisprudence, from
   Jones through Booker, leads inexorably to the conclusion that the Sixth
10       Amendment does not remove from a trial judge the traditional sentencing
         discretion afforded the judge, so long as the judge exercises that discretion
11       within a sentencing range established by the fact of a prior conviction, facts
         found by a jury, or facts admitted by a defendant.  Once a jury finds the facts
12       legally essential to expose a defendant to a statutory sentencing range, the
         sentencing judge may consider additional factors in determining what sentence
13       to impose, so long as the sentence falls within the established range.

14  Martinez, 210 Ariz. at 583, 115 P.3d at 623.

15    Applying these principles to Arizona's statutory sentencing scheme, the Arizona

16  Supreme Court concluded:

17       The Sixth Amendment requires that a jury find beyond a reasonable doubt, or
         a defendant admit, any fact (other than a prior conviction) necessary to
18       establish the range within which a judge may sentence the defendant.  If,
         however, additional facts are relevant merely to the exercise of a judge's
19       discretion in determining the specific sentence to impose on a defendant *within*
         a given statutory sentencing range, the Sixth Amendment permits the judge to
20       find those facts by a preponderance of the evidence.  Under A.R.S. § 13-702,
         the existence of a single aggravating factor exposes a defendant to an
21       aggravated sentence.  Therefore, once a jury finds or a defendant admits a
         single aggravating factor, the Sixth Amendment permits the sentencing judge
22       to find and consider additional factors relevant to the imposition of a sentence
         up to the maximum prescribed in that statute.

23
   Martinez, 210 Ariz. at 585, 115 P.3d at 625.  The Court then upheld the sentence imposed
24
   by the trial judge in which the judge relied on eight aggravating factors, only one of which
25
   was implicitly found by the jury's verdict.  Id. at 585, 115 P.3d at 626.  A petition for writ
26
   of certiorari to the United States Supreme Court challenging the holding in Martinez was
27
   denied.  Martinez v. Arizona, 546 U.S. 1044 (2005).
28

- 8 -

1    Petitioner has not demonstrated that the Arizona Court of Appeals decision affirming

2  his aggravated sentences, is contrary to, or an unreasonable application of, clearly established

3  federal law as determined by the United States Supreme Court or based on an unreasonable

4  determination of the facts.  That decision relies on the holding in State v. Martinez, which

5  in turn relies on the rules announced in Apprendi, Blakely, and other U.S. Supreme Court

6  cases interpreting the Sixth Amendment right to a jury trial.  As explained above, Martinez

7  is consistent with the U.S. Supreme Court's cases on this issue and Petitioner has not shown

8  otherwise.  Because Petitioner has failed to satisfy the habeas standard for relief, the court

9  will recommend that the claim in ground one be denied.

10  **C.    Conclusion**

11    Having determined that grounds two and three are procedurally defaulted, and that the

12  habeas standard for relief has not been satisfied with respect to ground one, the court will

13  recommend that the petition be denied and dismissed with prejudice.

14  **IT IS THEREFORE RECOMMENDED:**

15    That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

16  be **DENIED** and **DISMISSED WITH PREJUDICE**;

17    This recommendation is not an order that is immediately appealable to the Ninth

18  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20  parties shall have ten days from the date of service of a copy of this recommendation within

21  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

22  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

23  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

24  and Recommendation may result in the acceptance of the Report and Recommendation by

25  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

26  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

27  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

28

1 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

2 recommendation.  See Fed. R. Civ. P. 72.

3      DATED this 30th day of September, 2008.

Edward C. Voss
United States Magistrate Judge